UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 14-66 (EGS) |
| v. : | |
| : | |
| SAENA TECH CORPORATION, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S REPLY TO MEMORANDUM
OF LAW OF *AMICUS CURIAE* LAW PROFESSOR

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this reply to the memorandum of law filed by Professor Brandon L. Garrett, as amicus curiae ("amicus"), addressing the scope of the Court's authority, if any, to consider the fairness and reasonableness of a deferred prosecution agreement in deciding whether to approve or reject the deferred prosecution agreement in this case.

Amicus states that 18 U.S.C. § 3161(h)(2) provides the Court with "clear and express" authority to decide whether or not to approve a deferred prosecution agreement, including with reference to the fairness and reasonableness of the terms of the agreement. Amicus Br. at 2. There is certainly no "express" authority in this provision of the Speedy Trial Act for a court to consider the fairness and reasonableness of a deferred prosecution agreement. 18 U.S.C. § 3161(h)(2) never mentions fairness, reasonableness, or any other factor to be considered by a court in deciding whether to approve the exclusion of time under the Act. Moreover, the authority could not be less "clear"; in fact, this authority is nonexistent. Amicus does not point to a single case holding that 18 U.S.C. § 3161(h)(2) gives a court the authority to consider the fairness and reasonableness of a deferred prosecution agreement.

Amicus's professional view is that courts could play – and should aspire to play – a useful role in shaping and supervising deferred prosecution agreements for organizations. While the prevalence and prominence of deferred and non-prosecution agreements in organizational prosecutions have increased in the past 15 years, the statutory authority of any court to review them has remained the same. Such statutory authority does not empower courts to consider fairness and reasonableness in deciding whether to approve the exclusion of time pursuant to 18 U.S.C. § 3161(h)(2). To hold otherwise would be a triumph of aspiration over authority.

I.   **The text of the statute and its legislative history support the government's position.**

Amicus states that any doubt over the meaning of 18 U.S.C. § 3161(h)(2) "should be read in favor of judicial discretion," based on a sentence in the Report of the House of Representatives Committee on the Judiciary that the provisions of the Speedy Trial Act were generally intended to "strengthen[] the supervision over persons released pending trial." Amicus Br. at 3. It is not clear, and amicus does not explain, how strengthening the supervision over persons released pending trial relates to empowering judges to reject corporate deferred prosecution agreements based on notions of fairness and reasonableness, particularly since corporations cannot be detained pending trial. Regardless, when the quote is viewed in context, it does not support amicus's position. The first section of the House Report is entitled "Purpose," and reads in its entirety:

> The purpose of this bill is to assist in reducing crime and the danger of recidivism by requiring speedy trials and by strengthening the supervision over persons released pending trial. In order to achieve this purpose each Federal district court, in cooperation with the United States Attorney, attorneys active in the defense of criminal cases, and other members of the criminal justice process in the district, is required to establish a plan for trying criminal cases within 100 days of the arrest or receipt of summons. The bill takes effect over a five-year period so that the goals of a 30-day limit on the period between arrest and indictment and a 60-day limit on the period between arraignment and the commencement of trial will not become effective until the fifth year after enactment. The time limits of the bill

>are tolled by a number of exclusions provided for necessary delay occasioned by pre-trial motions, proceedings and other contingencies that arise during the course of criminal prosecutions. <u>The bill would establish ten pre-trial services agencies on a demonstration basis to provide for the supervision and control over defendants released prior to trial. These agencies would be administered by an independent board of trustees in five districts and by the Division of Probation of the Administrative Office of the United States Courts in the remaining districts. They would also provide supportive services to released defendants.</u>

H.R. Rep. No. 93-1508, at 1 (1974), <u>reprinted in</u> 1974 U.S.C.C.A.N. 7401, 7402 (emphasis added). The reference in the first sentence to "strengthening the supervision over persons released pending trial" relates to the establishment of pre-trial services agencies to provide for the supervision and control over defendants released prior to trial. Nothing in this paragraph suggests that the Act was intended give judges more discretion.

Unlike the House Report, the Report of the Senate Committee on the Judiciary concerning the Speedy Trial Act specifically referenced 18 U.S.C. § 3161(h)(2). The relevant portion of the Senate Report reads, in its entirety:

> *Deferral of Prosecution*
> **Subparagraph 3161(h)(2)** is designed to encourage the current trend among United States attorneys to allow for deferral of prosecution on the condition of good behavior. A number of Federal and State courts have been experimenting with pretrial diversion or intervention programs in which prosecution of a certain category of defendants is held in abeyance on the condition that the defendant participate in a social rehabilitation program. If the defendant succeeds in the program, charges are dropped. Such diversion programs have been quite successful with first offenders in Washington, D.C. (Project Crossroads) and in New York City (Manhattan Court Employment Project). Some success has also been noted in programs where the defendant's alleged criminality is related to a specific social problem such as prostitution or heroin addiction. Of course, in the absence of a provision allowing the tolling of the speedy trial time limits, prosecutors would never agree to such diversion programs. Without such a provision the defendant could automatically obtain a dismissal of charges if prosecution were held in abeyance for a period of time in excess of the time limits set out in section 3161(b) and (c). <u>This section of S. 754 differs from its counterpart in S. 895. It now requires that exclusion for diversion only be allowed where deferral of prosecution is conducted "with approval of the court."</u>

> <u>This assures that the court will be involved in the decision to divert and that the procedure will not be used by prosecutors and defense counsel to avoid the speedy trial time limits.</u>

S. Rep. No. 93-1021, at 36-37 (1974) (emphasis added). The Senate Report did not tie the "approval" provision to the fairness and reasonableness of the agreement. The Report did not link approval to appropriate fines, robust compliance programs, installation of corporate monitors, or any other criteria that amicus urges the Court to consider. Rather, Congress made clear that the purpose of court approval of the exclusion of time under the Act was to "assure[ ] that the court will be involved in the decision to divert and that the procedure will not be used by prosecutors and defense counsel to avoid the speedy trial time limits." <u>Id.</u> at 37.

## II. Amicus has not established that courts routinely assess deferred prosecution agreements for fairness and reasonableness.

Amicus states that courts "routinely" conduct individualized assessments of deferred prosecution agreements but goes on to cite only two cases in which this occurred. Amicus Br. at 8 (citing <u>United States v. Wakemed</u>, No. 5:12-CR-398-BO, 2013WL501784 (E.D.N.C. Feb. 8 2013); <u>United States v. HSBC Bank USA, N.A.</u>, No. 12-CR-763, 2013WL3306161 (E.D.N.Y. July 1, 2013) ("<u>HSBC</u>"). Amicus cites a third case, in which Judge Royce C. Lamberth issued a short order approving a deferred prosecution agreement. <u>See</u> <u>United States v. Credit Suisse AG</u>, No. 09-CR-352, 2009WL4894467 (D.D.C. Dec. 16, 2009). There is nothing in the text of that order that suggests Judge Lamberth's decision to approve the deferred prosecution agreement was based on the fairness and reasonableness of the agreement. Rather, the order states that Judge Lamberth based his decision on his finding "that that the period of delay as set forth in Paragraph 5 of the written Deferred Prosecution Agreement is for the purpose of allowing Defendant Credit Suisse AG to demonstrate its good conduct and implement its remedial measures." <u>Id.</u> at *1. This is the same finding that the government and the defendant are asking

4

the Court to make in the instant case: that the purpose of the Agreement is not to avoid the speedy trial limits but rather to allow the defendant to demonstrate its good conduct and implement certain remedial measures. See Proposed Order (Document 23-1); see also 18 U.S.C. § 3161(h)(2) (a period of delay can only be excluded if the deferred prosecution agreement is "for the purpose of allowing the defendant to demonstrate his good conduct").

### III.     Fed. R. Crim. P. 11 is not analogous to 18 U.S.C. § 3161(h)(2).

Amicus recognizes, as the Court did in HSBC, that Federal Rule of Criminal Procedure 11 does not apply to deferred prosecution agreements and therefore does not give a court the authority to approve or reject such an agreement. See Amicus Br. at 17; HSBC, 2013WL3306161, at *2. Amicus argues, however, that the provisions of Rule 11 should inform the approval of deferred prosecution agreements under 18 U.S.C. § 3161(h)(2). Amicus offers no case law that supports this proposition, and the only similarity amicus points out between Rule 11 and 18 U.S.C. § 3161(h)(2) is that neither defines criteria upon which a court should base its decision.

Rule 11 and 18 U.S.C. § 3161(h)(2) are not analogous. Rule 11 is a stand-alone rule dedicated to guilty pleas. The rule specifically states that a judge may "accept" or "reject" certain types of plea agreements. Fed. R. Crim. P. 11(c)(3)-(5). 18 U.S.C. § 3161, on the other hand, establishes time periods during which certain events in a criminal litigation, like indictment and trial, must take place. Subsection 3161(h) details the periods of delay that must be excluded from time calculations, and paragraph 3161(h)(2) provides that time in which prosecution is deferred must be excluded only "with the approval of the court." 18 U.S.C. § 3161(h). The "approval" is of the exclusion of time, not of the agreement itself.

**IV.   Civil settlements are reviewed for fairness and reasonableness based on specific authority that does not exist for review of deferred prosecution agreements.**

Amicus states that court review of civil settlements can inform a court's consideration of a deferred prosecution agreement.  Federal Rule of Civil Procedure 23(e)(2) provides specific authority for a court to consider whether a proposed class action settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  Likewise, case law provides that a court must determine whether a proposed consent decree is fair and reasonable.  See, e.g., S.E.C. v. Citigroup Global Markets, Inc., 752 F.3d 285, 294 (2d Cir. 2014).   However, there is no analogous authority, either in the criminal rule, in statute, or in case law that empowers a court to consider whether a deferred prosecution agreement is fair or reasonable.  Moreover, as amicus points out, with regard to consent decrees the primary focus of the court "should be on ensuring the consent decree is procedurally proper."  Id. at 295.  The Second Circuit recently held that a court did not have authority to reject a consent decree "on the ground that it believed the S.E.C. failed to bring the proper charges."  Id. at 297.  To the extent this Court determines it does have authority to consider the fairness and reasonableness of the deferred prosecution agreement, the Court should focus on whether proper procedure has been followed rather than on the government's charging decisions.

## CONCLUSION

For the reasons stated in this brief and the government's other submissions, the Court should approve the exclusion of the 2-year period from speedy trial calculations, because the deferred prosecution is truly about diversion and not simply a vehicle to fend off a looming trial date.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
DC Bar No. 447889

By:   ____/s/_____
BRYAN SEELEY
DC Bar No. 501681
MICHAEL K. ATKINSON
DC Bar No. 430517
Assistant United States Attorneys
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, DC  20530
(202) 252-7822 (Seeley)
(202) 252-7817 (Atkinson)
Bryan.Seeley@usdoj.gov

DATED:  August 29, 2014        Michael.Atkinson2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel and amicus, via the electronic case filing system, this 29th day of August, 2014.

_____/s/_____
BRYAN SEELEY
Assistant United States Attorney